OPINION OF THE COURT
 

 Ciparick, J.
 

 Workers’ Compensation Law § 11 lists specific injuries, including “loss of multiple fingers,” that qualify as grave injury.
 
 *400
 
 At issue here is whether loss of multiple fingertips constitutes grave injury for purposes of the section. We conclude that it does not.
 

 On September 17, 1996, Marvin Castro lost five fingertips (two from his right hand, three from his left) in an accident involving a die cutting machine. The injury left the distal, or outermost, joints of the fingers intact. Castro sued the manufacturer of the machine, United Container Machinery Group. United in turn brought a third-party action against plaintiffs employer, Southern Container Corp., seeking common-law contribution and indemnification. Southern moved to dismiss the third-party complaint against it, on the ground that Workers’ Compensation Law § 11 barred recovery. Supreme Court denied the motion, finding questions of fact “regarding the extent and nature of plaintiffs ‘grave injury.’ ” The Appellate Division reversed, holding that Southern was entitled to summary judgment because plaintiffs injury did not constitute “loss of multiple fingers” and was, therefore, not a grave injury under Workers’ Compensation Law § 11 (273 AD2d 337). We now affirm.
 
 [1]
 

 United and plaintiff both contend that plaintiffs injury was grave for purposes of Workers’ Compensation Law § 11 and that the third-party action against Southern should not have been dismissed. Their position is based on a misguided reading of the requirements of Workers’ Compensation Law § 11. First, they argue that plaintiffs loss of multiple fingertips meets the “loss of multiple fingers” requirement in the Workers’ Compensation Law notwithstanding the statute’s silence on the issue of partial losses. Next, United argues that the question of whether a partial loss of multiple fingertips is grave is a question of fact to be determined on a case-by-case basis. Finally, United posits that Southern failed to meet its burden of proof for summary judgment because all Southern showed was the undisputed fact that plaintiff lost five fingertips. These arguments fail because, based on the plain language and legislative history of Workers’ Compensation Law § 11, plaintiffs injury cannot be classified as grave.
 

 Among the major changes to the workers’ compensation system effected by the Omnibus Workers’ Compensation
 
 *401
 
 Reform Act of 1996, was the abrogation of employers’ liability to third parties for injuries to their employees (see, L 1996, ch 635). In amending Workers’ Compensation Law § 11 to provide that an “employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee” unless the employee’s injuries are shown to be grave, the Legislature sought to limit employer’s liability that existed under
 
 Dole v Dow Chem. Co.
 
 (30 NY2d 143). The central component of the reform initiative was relief in the form of immunization from tort liability to employers, such as Southern, who provide workers’ compensation coverage.
 

 Injuries qualifying as grave are narrowly defined in Workers’ Compensation Law § 11. Thus, the only determination to be made is whether the injury falls within the statute’s objective requirements.
 

 The term “loss of multiple fingers” cannot sensibly be read to mean partial loss of multiple fingers. Words in a statute are to be given their plain meaning without resort to forced or unnatural interpretations
 
 (see,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 232;
 
 Majewski v Broadalbin-Perth Cent. School Dist.,
 
 91 NY2d 577, 583). As a matter of standard English usage, the word “finger” means the whole finger, not just its tip.
 
 [2]
 

 There is, similarly, no merit in United’s further contention that the word “total” appearing elsewhere in the litany of injuries leads to the conclusion that its absence in the phrase under consideration was intended to mean something less than a total loss of multiple fingers. In the list of injuries contained at Workers’ Compensation Law § 11, “total” is used in conjunction with the term “loss of use” and not in conjunction with “loss of multiple fingers” or any other enumerated body part. While the phrase loss of use might require some indication as to the degree of use lost, the term “loss of multiple fingers” does not.
 

 The legislative history is fully consistent with this reading of the statute. That the purpose of the amendment was to reduce the number of suits against employers is beyond cavil: “In making this change, the bill restores the basis of the bargain between business and labor — that workers obtain necessary medical care benefits and compensation for workplace injuries
 
 *402
 
 regardless of fault while employers obtain a degree of economic protection from devastating lawsuits” (Governor’s Mem approving L 1996, ch 635, 1996 NY Legis Ann, at 460). It is likewise apparent that the means by which the reduction in lawsuits was to be accomplished was by barring suits except in extremely limited, defined circumstances. “The grave injuries listed are deliberately both
 
 narrowly and completely described.
 
 The list is exhaustive, not illustrative; it is not intended to be extended absent further legislative action” (Governor’s Mem, supra; emphasis added). While it is doubtful that any list that purported to be the complete catalog of “grave” injuries would — or ever could — meet with universal approval, that is not the question before us and we may not lightly alter this legitimate exercise of legislative prerogative.
 

 Appellant’s remaining arguments are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Although denominated as a motion to dismiss pursuant to CPLR 3211, both Supreme Court and the Appellate Division treated the motion as one for summary judgment pursuant to CPLR 3212, as do we.
 

 [2]
 

 . To the extent that the parties analogize to Workers’ Compensation Law § 15 for the definition of “finger,” the vastly different legislative purposes of sections 11 and 15 compel us to reject the analogy.