■ DONALD P. WAY, Respondent, v GEORGE GRANTLING et al., Defendants and Third-Party Plaintiffs-Respondents.

CHEMUNG CONTRACTING CORPORATION, Third-Party Defendant-Appellant. [736 NYS2d 424] —Mercure, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered September 27, 2000 in Madison County, which, *inter alia*, denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff brought this action to recover for personal injuries he sustained in connection with his employment with third-party defendant when he was struck in the head by a metal hose coupling. Third-party defendant moved for summary judgment dismissing defendants' third-party action for contribution or indemnification upon the ground that plaintiff did not as a matter of law sustain a grave injury under the Workers' Compensation Law (*see*, Workers' Compensation Law § 11). Plaintiff and defendants opposed the motion, and plaintiff submitted numerous medical records, reports and affidavits evidencing his permanent and total disability as a result of the injury sustained. Determining that there existed a material issue of fact as to whether plaintiff sustained "an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers' Compensation Law § 11),* Supreme Court denied the motion. Third-party defendant appeals, and we affirm.

Our analysis begins with a restatement of settled principles regarding statutory construction. The controlling principle in statutory interpretation is the legislative intent (*see*, *People v White*, 73 NY2d 468, 473), first sought in the words the Legislature has used (*see*, *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583), but "the spirit and purpose of the act and the objects to be accomplished must also be considered" (*People v White*, *supra*, at 473-474). Here, we recognize that both the statutory language and the legislative history support the interpretation that the purpose of the amendments to Workers' Compensation Law § 11 effected by the Omnibus Workers' Compensation Reform Act of 1996 was to limit, substantially, the number of third-party claims maintainable against employers (*see*, *Castro v United Container Mach. Group*, 96 NY2d 398, 401-402). In fact, in construing the stat-

---

* Workers' Compensation Law § 11 provides in relevant part as follows: "An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury' which shall mean only one or more of the following: * * * an acquired injury to the brain caused by an external physical force resulting in permanent total disability."

ute, the *Castro* Court quoted the Governor's approval memorandum stating that " '[t]he grave injuries listed are deliberately both *narrowly and completely described*. The list is exhaustive, not illustrative; it is not intended to be extended absent further legislative action' " (*id.*, at 402, quoting Governor's Mem approving L 1996, ch 635, 1996 NY Legis Ann, at 460).

As a threshold matter, we reject the contention that, because plaintiff was precluded from bringing a direct action against third-party defendant and had no interest in the outcome of the third-party action, he lacked standing to submit evidence in opposition to third-party defendant's summary judgment motion. CPLR 3212 (b) specifically provides that "the motion shall be denied if *any party* shall show facts sufficient to require a trial of *any issue* of fact" (emphasis supplied). Under the circumstances, we are unpersuaded that Supreme Court erred in considering the evidence submitted by plaintiff.

Nor are we persuaded that Supreme Court erred in its conclusion that the evidence submitted in opposition to the motion raised a material question of fact as to whether plaintiff sustained "an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers' Compensation Law § 11). Although our research has disclosed no case law or commentary analyzing the precise nature of the disability that must be established in order to qualify under the brain injury category of "grave injury," and even though the purpose of the amendments to Workers' Compensation Law § 11 was to limit the number of third-party claims maintainable against employers, we believe that the "permanent total disability" envisioned by the Legislature relates to the injured party's employability and not his or her ability to otherwise care for himself or herself and function in a modern society. Notably, with the exception of death, paraplegia and quadriplegia, none of the other categories of "grave injury" would have the likely effect of preventing the injured party from engaging in routine household functions. In fact, many of the categories, such as loss of the nose, an ear, an index finger or multiple fingers or toes, deafness and permanent and severe facial disfigurement, would permit the injured party to perform a wide range of personal activities. We

therefore reject third-party defendant's contention that the burden was on the parties opposing the summary judgment motion to come forward with competent medical evidence that plaintiff's earnings capacity had been permanently and totally reduced to zero and also that plaintiff lacked the capability to attend to even routine household functions. To the contrary, we conclude that the competent evidentiary showing that plaintiff suffers from postconcussive syndrome, which has "permanently disabled [him] from competitive employment" in even the most menial of tasks and, in fact, that he has been awarded Social Security disability benefits, is sufficient to raise a material question of fact. The decision of the First Department in *Barbieri v Mount Sinai Hosp.* (264 AD2d 1) by no means mandates a contrary conclusion.

As a final matter, although the issue is rendered academic by our determination that plaintiff and defendants opposed the summary judgment motion with evidence sufficient to raise a material question of fact, we express our agreement with Supreme Court's conclusion that, notwithstanding the language of Workers' Compensation Law § 11, it was third-party defendant's burden to support its summary judgment motion with prima facie evidence (*see, Fitzpatrick v Chase Manhattan Bank*, 285 AD2d 487, 488 [rejecting the dictum in *Ibarra v Equipment Control* (268 AD2d 13, 17) that appeared to relieve a third-party defendant seeking summary judgment dismissing the third-party complaint of the obligation to come forward with prima facie evidence that the plaintiff did not sustain a grave injury]). As we have frequently stated, the proponent of a summary judgment motion must establish a cause of action or defense by making a prima facie showing of entitlement to judgment as a matter of law tendering sufficient evidence to eliminate any material issues of fact from the case (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Upon such a showing, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

There is no basis in the Workers' Compensation Law, notwithstanding the third-party plaintiffs' burden at trial, for the abrogation of the foregoing rules on a summary judgment motion involving a grave injury. In other words, the moving party bears the burden of establishing an absence of grave injury; it is not the burden of the party moved against to show the presence of a grave injury (*cf., Ibarra v Equipment Control,*

*supra).* Arguably, it is possible to establish a prima facie case under some of the more clear-cut categories of grave injury without presenting medical evidence (*see,* Alexander, New York Practice, *Addressing the "Grave Injury" Issue by Motion for Summary Judgment,* NYLJ, Nov. 20, 2000, at 3, col 1), but the imprecise category at issue here surely is not one of them.

Cardona, P. J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

