■ Levi R. Trimble et al., Plaintiffs, v Hawker Dayton Corporation, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. Ames True Temper Corporation, Third-Party Defendant-Appellant. [761 NYS2d 409] —Rose, J. Appeal from an order of the Supreme Court (Castellino, J.), entered August 29, 2002 in Chemung County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff Levi R. Trimble (hereinafter plaintiff) and his wife brought this action to recover for personal injuries he sustained in the course of his employment with third-party defendant, Ames True Temper Corporation, when his right hand was crushed by a doweling machine manufactured by defendant Hawker Dayton Corporation. Ames moved for summary judgment dismissing Hawker's third-party action for contribution or indemnification upon the ground that, as a matter of law, plaintiff did not sustain a grave injury under Workers'

Compensation Law § 11. Supreme Court denied the motion, finding an issue of fact as to whether plaintiff sustained a "permanent and total loss of use * * * of [his] hand" (Workers' Compensation Law § 11). We now reverse.

Ames met its burden of proving, by competent admissible evidence, that plaintiff's injury, though severe and disabling, did not rise to the level of a grave injury because he has some use of his right hand (see Castro v United Container Mach. Group, 96 NY2d 398, 400 [2001]; Trautenberg v Gibney Leasing Corp., 297 AD2d 799, 800 [2002]; Dunn v Smithtown Bancorp, 286 AD2d 701 [2001], lv denied 97 NY2d 610 [2002]). Specifically, the records of plaintiff's treating physician, Mark Anthony, and the report of a functional capacity evaluation state that plaintiff is able to extend and close his right thumb and fingers sufficiently to grasp, hold and carry objects in his right hand.

This evidence shifted the burden to Hawker to demonstrate the existence of a triable issue of fact as to the existence of a qualifying grave injury. To meet this burden, Hawker submitted the affirmation of John Forrest, a physician who examined plaintiff for Hawker after Ames made its motion. Although Forrest describes the loss of range of motion of plaintiff's fingers and states that plaintiff "has a total loss of use of the right hand as it is commonly understood," this opinion is conclusory because he does not dispute the findings in the medical records that plaintiff has some use of his hand. Given the plain meaning of the words used in Workers' Compensation Law § 11, we cannot agree that some, albeit minimal, use of a hand is sufficiently equivalent to a total loss of use to qualify as a grave injury (see Castro v United Container Mach. Group, supra at 401).

In assessing the extent of the loss, Hawker's reliance on this Court's holding in Way v Grantling (289 AD2d 790 [2001]) is misplaced. In Way v Grantling (supra), we dealt with the imprecise category of a brain injury "resulting in permanent total disability." Finding neither case law nor commentary defining such disability, we considered the impact of that injury on the injured party's employability (id. at 792-793). Here, the statute's description of the relevant type of grave injury is precise, specifying amputation or total loss of use (see Workers' Compensation Law § 11).

Spain, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to third-party defendant and third-party complaint dismissed.