Same memorandum as in *Knauer v Anderson* ([appeal No. 2] 2 AD3d 1312 [2003]). Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.

█ THOMAS KNAUER, Respondent, v DIANE L. ANDERSON, as Executrix of WILLIAM F. ANDERSON, SR., Deceased, et al., Defendants. DIANE L. ANDERSON, as Executrix of WILLIAM F. ANDERSON, SR., Deceased, et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Plaintiff, v RONALD A. KNAUER, JR., Doing Business as KNAUER ELECTRIC, Third-Party Defendant-Appellant. (Appeal No. 4.) [769 NYS2d 799]—

Appeal from a judgment of Supreme Court, Erie County (Howe, J.), entered December 5, 2002, which, inter alia, awarded plaintiff money damages against third-party defendant upon a verdict.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Third-party defendant, Ronald A. Knauer, Jr., doing business as Knauer Electric (Knauer Electric), appeals from a judgment that incorporated by reference a prior order granting the motions of defendants-third-party plaintiffs Diane L. Anderson, as executrix of the estate of William F. Anderson, Sr., deceased, and B.T.S. Services, Inc. (defendants) seeking, inter alia, a directed verdict on common-law indemnification against Knauer Electric. The substantive issue in connection with the motion for a directed verdict was whether plaintiff sustained a grave injury within the meaning of Workers' Compensation Law § 11.

We note at the outset that Knauer Electric took appeals from three orders as well as from the judgment, but it perfected only the appeal from the judgment. The appeals from the three orders have been automatically dismissed as abandoned pursuant to 22 NYCRR 1000.12 (b). Dismissal of an appeal for want of prosecution is "on the merits of all claims which could have

been litigated had the appeal been timely argued or submitted" (*Bray v Cox*, 38 NY2d 350, 355 [1976]; *see also Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754 [1999]). "However, an appellate court has the authority to entertain a second appeal in the exercise of its discretion, even where a prior appeal on the same issue has been dismissed for failure to prosecute . . ., [and] even if [the appellate court] could have dismissed the appeal under *Bray*" (*Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]). We exercise our discretion on this appeal from the judgment to review the propriety of the directed verdict on common-law indemnification even though Knauer Electric abandoned its separate appeal from the order granting that relief.

Defendants sought indemnification based on their contention that plaintiff sustained a grave injury, defined in relevant part in Workers' Compensation Law § 11 as "an acquired injury to the brain caused by an external physical force resulting in permanent total disability." The statute does not define "permanent total disability," and this Court has not previously addressed that precise issue. Knauer Electric contends that we should follow the decision of the Second Department in *Rubeis v Aqua Club* (305 AD2d 656, 658 [2003]), wherein that Court determined that the term means total inability "to engage in day-to-day functions." Defendants contend, however, that the term means total disability from employment, relying on the decision of the Third Department in *Way v Grantling* (289 AD2d 790, 792 [2001]). The list of injuries set forth in section 11 " 'is exhaustive, not illustrative; it is not intended to be extended absent further legislative action' " (*Castro v United Container Mach. Group*, 96 NY2d 398, 402 [2001], quoting Governor's Mem approving L 1996, ch 635, 1996 NY Legis Ann, at 460). We agree with the analysis of the Third Department in *Way* (289 AD2d at 792) that evidence that a plaintiff has suffered the specified injury to the brain resulting in permanent total disability relates to his or her permanent total disability from employment, not to his or her "ability to otherwise care for himself or herself and function in a modern society." Thus, we conclude that Supreme Court properly directed a verdict for defendants on common-law indemnification. Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.