Lopez v Gem Gravure Co. (2004 NY Slip Op 50055(U))

[*1]

Lopez v Gem Gravure Co.

2004 NY Slip Op 50055(U)

Decided on February 13, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2004

Supreme Court, Kings County
 ANTONIO LOPEZ, Plaintiff,
against
GEM GRAVURE CO., THE GEON COMPANY, MATTHEWS INTERNATIONAL CORP., SPARTECH POLYCOM. WILLET LIMITED, TADIR AIR, INC. n/k/a TADIR AIR CONDITIONING, INC., McQUAY INTERNATIONAL as Successor in Interest to SYNDER GENERAL, BARRY BLOWER, INC., LAU INDUSTRIES, INC. and GRAINGER INDUSTRIAL, BREEN COLOR CONCENTRATES, INC., SILOGRAM LUBRICANTS CORP., and SUPERFLEX MANAGEMENT, L.L.C., Defendants. GEM GRAVURE CO., THE GEON COMPANY MATTHEWS INTERNATIONAL CORP., SPARTECH POLYCOM. WILLET LIMITED, TADIR AIR, INC. n/k/a TADIR AIR CONDITIONING, INC., McQUAY INTERNATIONAL as Successor in Interest to SYNDER GENERAL, BARRY BLOWER, INC., a division of LAU INDUSTRIES, INC. s/h/a BARRY BLOWER, INC. LAU INDUSTRIES, INC. and W.W. GRAINGER, INC., s/h/a GRAINGER INDUSTRIAL, Third-Party Plaintiffs, SUPERFLEX EQUITY, LLC and SUPERFLEX LIMITED, Third-Party Defendants. GEM GRAVURE CO., THE GEON COMPANY, MATTHEWS INTERNATIONAL CORP., SPARTECH POLYCOM. WILLET LIMITED, TADIR AIR, INC. n/k/a TADIR AIR CONDITIONING, INC., McQUAY INTERNATIONAL as Successor in Interest to SYNDER GENERAL, BARRY BLOWER, INC., a division of LAU INDUSTRIES, INC. s/h/a/ BARRY BLOWER, INC. LAU INDUSTRIES, INC.and W.W. GRAINGER, INC., s/h/a GRAINGER INDUSTRIAL, Second-Third-Party Plaintiffs, SUPERFLEX MANAGEMENT LLC., Second Third-Party Defendants.
Index No. 17939/2002

Levy Phillips & Konigsberg
Attorneys for Plaintiff
800 Third Avenue
[*2]
New York, New York 10022
Hoguet Newman & Regal, LLC
Attorneys for Gem Gravure Co., Inc.
10 East 4oth Street, 35th Floor
New York, New York 10016
Thompson, Hine LLP
Attorneys for Polyone Corp.
One Chase Manhattan Plaza
New York, New York 10005
Gordon & Silber, P.C.
Attorneys for Defendant/Third-Party Plaintiff Barry Blower, a Division of Lau Industries, Inc. s/h/a Barry Blower Inc. And Lau Industries
355 Lexington Avenue
New York, New York 10017-6603
Fischbein, Badillo, Wagner & Harding
Attorneys for Defendant Matthews International Corp.
48 South Service Road - Suite 300
Melville, New York 11727
Kurzman, Kareslen & Frank, LLP
Attorneys for Spartech Polycom
230 Park Avenue
New York, New York 10169
Wilson Elser Moskowitz Edelman & Dicker
Attorneys for Willet Limited
150 East 42nd Street
New York, New York 10017
London Fisher, LLP
Attorneys for Tadir Air Inc.
59 Maiden Lane
New York, New York 10038
Lifflander, Reich & Smith, LLP
Attorneys for McQuay International
1221 Avenue of the Americas, 26th Floor
New York, New York 10020-1089
Gordon & Silber, PC
Attorneys for Barry Blower, Inc.
355 Lexington Avenue
New York, New York 10012
Lavin, Coleman , O'Neil, Ricci, Finarelli & Gray
Attorneys for W.W. Grainger, Inc. s/h/a Grainger Industrial
767 Third Avenue, 7th Floor
New York, New York, 10017
McGivney, Kluger & Gannon, P.C.
[*3]
Attorneys for Breen Color Concentrates
80 Broad Street - 23rd Floor
New York, New York 10004
Montclare & Wachtler
Attorneys for Silogram Lubricants
110 Wall Street
New York, New York 10005
McMahon, Martine & Gallagher, LLP
Attorneys for Superflex, Limited
90 Broad Street
New York, NY 10004

Martin Schneier, J. 
 Plaintiff is a former employee of third party defendant Superflex Limited ("Superflex"). Plaintiff brought this personal injury action alleging he had been injured by exposure to chemicals while working in Superflex's factory. Plaintiff named as defendants twelve companies that manufacture inks, resins or ventilation systems that were allegedly used in the factory. Ten of these defendants brought third party actions seeking contribution or indemnity from Superflex. Superflex moves to dismiss the third party complaint on the grounds that Plaintiff did not suffer a "grave injury" within the meaning of section 11 of the Workers' Compensation Law.
Section 11 of the Workers' Compensation Law states in part:

"An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a "grave injury" which shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability."
In this case the third party plaintiffs argue that the plaintiff's injury, a bi-lateral kidney failure is a terminal condition and, therefore, plaintiff is dead for purposes of the statute.
It is well-settled that the list of grave injuries is to be strictly construed (Castro v. United Container Machinery Group, Inc. 96 N.Y.2d 398). The interpretation requested by the third party plaintiffs would result in an impermissible expansion of the "grave injury" category. The third party plaintiffts' argument that this motion is premature because the plaintiff has not been examined by an independent medical expert is also without merit. Plaintiff's appearance at a medical exam would only confirm that he is alive. Accordingly, the Superflex's motion is granted and the third party complaint, cross claims and counterclaims asserted against Superflex are dismissed.
[*4]
This shall constitute the Decision and Order of the Court.
February 13, 2004
J.S.C.
Decision Date: February 13, 2004