■ JUAN MENDEZ, Respondent, v THE UNION THEOLOGICAL SEMINARY IN THE CITY OF NEW YORK et al., Defendants. (And Third-Party Actions.) NEW YORK ROOFING, INC., Sued Herein as NEW YORK ROOFING COMPANY, Fourth Third-Party Plaintiff-Respondent, v C&D RESTORATION CORP., Also Known as C&D RESTORATION, INC., Fourth Third-Party Defendant, and C&D WATERPROOFING CORP., Fourth Third-Party Defendant-Appellant. [809 NYS2d 77]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered on or about December 16, 2004, which, to the extent appealed from as limited by the brief, granted plaintiff's motion for reargument, and, upon reargument, denied the previously granted summary judgment motion of fourth third-party defendant C&D Waterproofing Corp., unanimously affirmed, without costs.

Reargument was properly granted in light of the motion court's admitted failure to consider the papers submitted by plaintiff in opposition to C&D Waterproofing's motion seeking summary judgment dismissing the fourth third-party complaint as against it. Although plaintiff was a C&D Waterproofing employee at the time of the alleged accident and was consequently barred from suing C&D Waterproofing directly, he was, contrary to C&D Waterproofing's contention, nonetheless entitled to oppose dismissal of the third-party action against C&D Waterproofing (see CPLR 3212 [b]; *Way v Grantling*, 289 AD2d 790 [2001]). The evidence submitted by plaintiff in opposition to C&D Waterproofing's summary judgment motion mandated the motion's denial inasmuch as it raised an issue of fact as to whether plaintiff had sustained a "grave injury" by reason of the alleged accident. It posed a triable issue as to whether plaintiff had been rendered incapable of employment in any capacity (see *Rubeis v Aqua Club, Inc.*, 3 NY3d 408, 417 [2004]). Plaintiff's physicians concurred that he had suffered brain injury resulting in permanent disabilities, including memory loss, diminished intellect and traumatic seizure disorder. They also agreed that in consequence of his injuries plaintiff is unable to care for himself or independently perform his daily life activities and requires a full-time home health care aide. Concur—Tom, J.P., Mazzarelli, Andrias, Nardelli and Malone, JJ.