■ Kurt Fleischman, Plaintiff, v Peacock Water Company, Inc., et al., Defendants and Third-Party Plaintiffs-Appellants. Catskirondacks, Inc., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [858 NYS2d 421]—

Cardona, P.J. Appeal from an order of the Supreme Court (Williams, J.), entered July 9, 2007 in Saratoga County, which granted the motion of third-party defendants Catskirondacks, Inc. and Kevin Misevis for summary judgment dismissing the third-party complaint against them.

Plaintiff, an employee of third-party defendant Catskiron-

dacks, Inc., sustained injuries which included a fractured right femur when he fell from a ladder on defendants' property while working to remove a water tower. In August 2005, plaintiff commenced the underlying personal injury action against defendants, alleging negligence and various Labor Law causes of action. In November 2006, defendants brought a third-party action against, among others, Catskirondacks, Inc., and its president, third-party defendant Kevin Misevis (hereinafter collectively referred to as Catskirondacks). The third-party complaint stated three causes of action, namely: (1) common-law indemnification, (2) contractual indemnification and (3) breach of agreement to obtain liability insurance. Following joinder of issue, Catskirondacks moved for summary judgment dismissing the third-party complaint and that motion was granted, prompting this appeal by defendants.

Initially, we are unpersuaded by defendants' argument that Supreme Court improperly dismissed their cause of action premised upon common-law indemnity.[1] Notably, "Workers' Compensation Law § 11 prohibits third-party indemnification or contribution claims against employers, except in the case of a 'grave injury' or where based upon a written contract entered into prior to the accident" (*Giblin v Pine Ridge Log Homes, Inc.*, 42 AD3d 705, 706 [2007]). The Court of Appeals has clearly indicated that the grave injury categories listed in the statute are extremely limited and should be narrowly construed (*see Fleming v Graham*, 10 NY3d 296, 300 [2008]; *Castro v United Container Mach. Group*, 96 NY2d 398, 401-402 [2001]). As relevant herein, the definition of a grave injury includes the "permanent and total loss of use [of a] leg," therefore, to avoid summary judgment, defendants were required to establish a triable issue of fact regarding their claim that plaintiff's injury met that strict definition (Workers' Compensation Law § 11).[2]

In seeking summary judgment dismissing the third-party complaint, Catskirondacks submitted, among other things, plaintiff's verified bill of particulars and his unsworn medical records. While defendants argue that the unsworn medical rec-

**1.** We note that, contrary to defendants' assertions, Catskirondacks referred to issues relating to common-law indemnity in its motion papers and, therefore, it was an issue properly before Supreme Court for resolution.

**2.** Although defendants appear to contend that the appropriate test for the subject grave injury allegation is one of "permanent total disability" involving a determination of whether the injured person is employable "in any capacity" (*Rubeis v Aqua Club, Inc.*, 3 NY3d 408, 417 [2004] [emphasis omitted]), we note this language only applies to a grave injury to the brain under Workers' Compensation Law § 11, not to the leg (*cf. Trimble v Hawker Dayton Corp.*, 307 AD3d 452, 453 [2003]).

ords should not be considered and the motion should have been denied due to the lack of admissible medical proof, significantly, in a case such as this involving one "of the more clear-cut categories of grave injury [a prima facie case can be established] without presenting medical evidence" (*Way v Grantling*, 289 AD2d 790, 794 [2001]). In that regard, we conclude that the submission of plaintiff's verified bill of particulars was, standing alone, sufficient to establish, prima facie, that plaintiff did not suffer a permanent and total loss of use of his leg within the meaning of Workers' Compensation Law § 11 (*see Marshall v Arias*, 12 AD3d 423, 423-424 [2004]). Specifically, while the verified bill of particulars notes that plaintiff's injuries to his right leg and knee include "severe swelling," a "loss of ability to ambulate properly," a "significant limp," a "loss of range of motion" and a loss of "stability" and "flexibility," there is nothing set forth therein alleging that plaintiff was claiming a total loss of use of his leg or that he retained only "passive movement" in that limb (*Millard v Alliance Laundry Sys., LLC*, 28 AD3d 1145, 1147 [2006]). Accordingly, since defendants failed to present any admissible proof in opposition to the motion that would raise a triable issue of fact as to grave injury, the first cause of action based on common-law indemnity was properly dismissed.

Turning to Supreme Court's dismissal of the remaining causes of action based on contractual indemnification and breach of agreement to obtain insurance, we conclude that summary judgment was properly granted due to defendants' failure to contradict Catskirondacks' denials regarding the existence of such agreements with appropriate proof in admissible form (*see Murray v North Country Ins. Co.*, 277 AD2d 847, 849-850 [2000]). We note that in addressing the failure to produce appropriate documentation, defendants argue that further discovery is necessary "to ascertain the existence of contracts between the parties . . . and [obtain] information with respect to the agreement to procure insurance." However, while summary judgment may be denied when discovery has not been completed (*see* CPLR 3212 [f]), the nonmoving party must produce some evidence indicating that further discovery "will yield material and relevant evidence" (*Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007]). Here, we find no basis to disagree with Supreme Court's conclusion that defendants had sufficient time to locate documents that would presumably be in their own possession and, therefore, the third-party complaint should be dismissed against Catskirondacks (*see Meath v Mishrick*, 68 NY2d 992, 994-995 [1986]).

The remaining issues raised by the parties and not specifi-

cally addressed herein have been considered and found to be either unpersuasive or unnecessary to reach given the above conclusions.

Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.