In an action, inter alia, to recover damages for breach of contract, negligence, and nuisance, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered April 5, 2007, as granted those branches of the defendants’ motion which were for summary judgment dismissing as time-barred, in effect, those portions of the first, fifth, sixth, and seventh causes of action that accrued prior to October 11, 1999, and for a protective order pursuant to CFLR 3103 limiting the scope of the plaintiffs’ discovery demands to the period from October 11, 1999, to the present.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action on October 11, 2005. The gravamen of the complaint is that the defendants constructed sub-par lighting for Heritage Hills of Westchester, a residential community located in the Town of Somers, Westchester County, and thereafter failed to properly maintain and repair that lighting.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law with respect to those branches of their motion which were for summary judgment dismissing as time-barred, in effect, those portions of the first, fifth, sixth, and seventh causes of action that accrued prior to October 11, *427 1999, the date that construction was completed. These causes of action, based on faulty construction or design, whether characterized as negligence, malpractice, or breach of contract, accrued upon the date of completion of construction, not when the injury occurred or the defective condition was discovered (see City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535, 538 [1995]; Cabrini Med. Ctr. v Desina, 64 NY2d 1059, 1061 [1985]; Manhattanville Coll. v James John Romeo Consulting Engr., P.C., 5 AD3d 637, 640 [2004]; Regatta Condominium Assn. v Village of Mamaroneck, 303 AD2d 737, 738 [2003]).
In opposition, the plaintiffs failed to raise a triable issue of fact. When the nonmoving party opposing a motion for summary judgment argues that additional discovery is needed, for example, “to ascertain the existence of contracts between the parties,” such an argument is unavailing where the nonmoving party has failed to “produce some evidence indicating that further discovery will yield material and relevant evidence” (Fleischman v Peacock Water Co., Inc., 51 AD3d 1203, 1205 [2008] [internal quotation marks omitted]). Where, as here, the nonmoving parties “had sufficient time to locate documents that would presumably be in their own possession,” an award of summary judgment dismissing the relevant causes of action is appropriate (Fleischman v Peacock Water Co., Inc., 51 AD3d 1203, 1205 [2008]).
The Supreme Court properly granted that branch of the defendants’ motion which was for a protective order pursuant to CPLR 3103 limiting the scope of the plaintiffs’ discovery demands to the period from October 11, 1999 to the present. Given the overly broad and burdensome nature of the various discovery demands which the plaintiffs seek to reinstate on appeal, the court properly limited discovery (see Birsner v Town of Islip, 250 AD2d 795, 796 [1998]; Harris v City of New York, 211 AD2d 663, 664-665 [1995]).
The plaintiffs’ remaining contentions are without merit. Rivera, J.E, Lifson, Miller and Eng, JJ., concur.