■ TED P. CULLIN II, Respondent, v ALTON D. MAKELY et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. GREG FURLONG et al., Third-Party Defendants-Appellants. [914 NYS2d 788]—

McCarthy, J. Appeal from an order of the Supreme Court (Devine, J.), entered August 25, 2009 in Schoharie County, which, among other things, granted a cross motion by defendants Alton D. Makely and Matthew O. Loder for summary judgment on their indemnification and contribution claims against third-party defendants.

While working as a laborer on a construction project, plaintiff fell because scaffolding he was standing on collapsed. He suffered lower leg trauma and fractures to his ankle. As a result of these injuries, plaintiff commenced this action against defendants, the owners of the property, alleging, among other things, violations of Labor Law §§ 240 and 241 (6). After plaintiff had his left leg amputated below the knee, defendants Alton D.

Makely and Matthew O. Loder (hereinafter collectively referred to as defendants) commenced a third-party action seeking indemnification or contribution from third-party defendants, plaintiff's employers. Plaintiff moved for partial summary judgment against defendants on the issue of liability under the Labor Law. Defendants cross-moved for summary judgment on their claims against third-party defendants. Supreme Court granted both motions. Third-party defendants appeal.

Defendants are entitled to indemnification or contribution from third-party defendants. An employer generally may not be held liable to any third party for injuries sustained by an employee acting within the scope of employment unless the third party "proves through competent medical evidence that such employee has sustained a 'grave injury' " (Workers' Compensation Law § 11). The Legislature narrowly defined "grave injury" by creating an extremely limited list of injuries that includes "amputation of an arm, leg, hand or foot" (Workers' Compensation Law § 11; see Fleming v Graham, 10 NY3d 296, 299-300 [2008]). To support their motion—by proving that plaintiff suffered a grave injury—defendants relied on plaintiff's medical records and an affidavit from his treating physician who opined, with a reasonable degree of medical certainty, that the amputation he performed was due to plaintiff's chronic pain and disability primarily resulting from his work-related traumatic accident, superimposed on a childhood injury. The doctor further opined that the trauma from the work-related accident "was a substantial factor in [plaintiff] undergoing amputation surgery," and that the surgery was a reasonable medical procedure because more conservative treatments were ineffective. Defendants' proof constituted competent medical evidence of a grave injury—satisfying the category of amputation of a leg or, at the very least, a foot—establishing their prima facie case (see Trimble v Hawker Dayton Corp., 307 AD2d 452, 453 [2003]).

In response, third-party defendants relied upon their attorney's affidavit alleging that the amputation was elective and was not caused by the work accident, but was necessary because of plaintiff's prior leg injuries arising from an accident approximately 30 years earlier when, at the age of five, he was run over by a truck. That affidavit, which lacked any competent medical evidence and contained only unsupported allegations in an attempt to create issues of fact, was insufficient to rebut the medical opinion of plaintiff's physician (see Root v Hogan, 3 AD3d 809, 810 [2004]; compare Millard v Alliance Laundry Sys., LLC, 28 AD3d 1145, 1147-1148 [2006]). Because no genuine triable issues of fact were raised by third-party defendants,

Supreme Court properly granted defendants' cross motion for summary judgment (*see Quinn v Depew*, 63 AD3d 1425, 1428-1429 [2009]; *Fleischman v Peacock Water Co., Inc.*, 51 AD3d 1203, 1204-1205 [2008]).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.