■ SHREE SHIV SHAKTI CORPORATION, Doing Business as WONDERLAND FARMS, Respondent, v KHALID PROPERTIES, LLC, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. BABULAL PATEL, Third-Party Defendant-Respondent. [967 NYS2d 151]——

Garry, J. Appeal from an order of the Supreme Court (Hummel, J.), entered September 11, 2012 in Rensselaer County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.

In October 2002, plaintiff entered into a renewable five-year lease agreement with defendant VSH Realty, a division of

Cumberland Farms, Inc., to lease premises located in the City of Troy, Rensselaer County, upon which plaintiff operated a gas station and convenience mart. Third-party defendant, Babulal Patel—plaintiff's president and sole shareholder—signed both the lease and a "Guaranty" by which he agreed, among other things, to be personally liable for plaintiff's rent payments. It is undisputed that plaintiff exercised the renewal option at the end of the initial lease period, extending the lease to 2012.

In May 2011, VSH sold the premises and assigned plaintiff's lease to defendant Khalid Properties, LLC. In August 2011, Khalid, apparently together with VSH, entered the premises and removed the underground storage tanks (hereinafter USTs) located thereon. Plaintiff allegedly objected to the removal of the USTs and began withholding rent. In the course of removing the USTs, it was discovered that a leak had occurred, and the Department of Environmental Conservation was notified. Remediation efforts were undertaken, delaying the installation of new USTs. In October 2011, plaintiff notified Khalid that it was vacating the premises, alleging that the removal of the USTs and related remediation efforts effectively prevented it from operating its business.

Plaintiff thereafter commenced this action against Khalid and VSH, alleging constructive eviction, trespass and breach of contract, and seeking treble damages pursuant to RPAPL 853 and the return of the security deposit. Following joinder of issue, Khalid commenced a third-party action against Patel, alleging that, by virtue of the "Guaranty," he was jointly and severally liable for the rent that plaintiff owed under the lease. Khalid and VSH jointly moved for summary judgment dismissing the complaint, and Khalid also sought summary judgment on its counterclaims that it had asserted against plaintiff and on the third-party complaint. Finding multiple issues of fact, Supreme Court denied the motion in its entirety. Only Khalid appeals.

Ultimately, to be successful on both the cause of action for trespass (*see Spellburg v South Bay Realty, LLC*, 49 AD3d 1001, 1002 [2008]; *Golonka v Plaza at Latham*, 270 AD2d 667, 669 [2000]) and the cause of action for constructive eviction (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83 [1970]; *Joylaine Realty Co., LLC v Samuel*, 100 AD3d 706, 707 [2012]), plaintiff will be required to demonstrate that the terms of the lease did not authorize Khalid to enter the premises and replace the USTs. In support of the motion for summary judgment, Khalid cited several provisions that it alleged did permit it to enter and take such action, including section 19, which

reserved to Khalid the right to enter and inspect the premises and "to make such repairs, additions or alterations as it shall deem necessary for the safety, preservation or restoration of the building or improvements" thereon; section 23 (e), which required plaintiff to cooperate with Khalid and allow it to conduct "investigations, examinations, tests, inspections, and reviews of the [p]remises . . . in order to evaluate any actual or potential environmental conditions or problems"; and section 40, which made Khalid responsible for the registration and "maintenance and repair of the UST [s]ystem." This evidence was sufficient to meet Khalid's initial burden of establishing that it was authorized to enter the premises and perform necessary repairs and maintenance, including the inspection and replacement of the USTs and the remediation of any environmental contamination, without plaintiff's consent.

In opposition, plaintiff argues that Khalid's decision to replace the USTs was a business rather than a maintenance decision because Khalid did not have actual knowledge of any contamination prior to excavating the USTs.[1] However, the lease clearly authorized Khalid to evaluate potential—as well as actual—environmental problems. Thus, a business decision to replace the USTs, even if as a precautionary or preventative measure, can reasonably be categorized as maintenance or repair under the terms of the lease. The interpretation of these lease terms poses only legal issues, within the court's province (*see Currier, McCabe & Assoc., Inc. v Maher*, 75 AD3d 889, 890 [2010]; *see also Fucile v L.C.R. Dev., Ltd.*, 102 AD3d 915, 919 [2013]; *112 W. 34th St. Assoc., LLC v 112-1400 Trade Props. LLC*, 95 AD3d 529, 531 [2012], *lv denied* 20 NY3d 854 [2012]). Upon review, we find that the lease allowed Khalid to enter the premises and replace the USTs, and that plaintiff failed to raise factual issues in this regard.[2] Accordingly, summary judgment dismissing the causes of action for constructive eviction, trespass and treble damages against Khalid is warranted. In addition, although VSH did not appeal, this Court has the authority to grant summary judgment to a nonappealing party (*see Shields v Carbone*, 78 AD3d 1440, 1443 n 2 [2010]) and, on this record, we find summary judgment dismissing those causes of action against VSH to be warranted as well.

---

1.  Khalid does not deny plaintiff's claim that it had always planned to replace the USTs, and claims that it is "customary in the industry" for USTs to be replaced upon the transfer of ownership.

2.  As Khalid was strictly liable for any environmental contamination caused by the USTs, public policy also supports its claim that entry was permitted for the inspection and evaluation of potential environmental hazards upon the transfer of ownership (*see e.g.* Navigation Law § 181; *Matter of Veltri v New York State Off. of the State Comptroller*, 81 AD3d 1050, 1052 [2011]).

However, as to plaintiff's cause of action for breach of the lease, we agree with Supreme Court that there are factual issues posed as to whether Khalid complied with the requirement that it "use its best efforts to minimize interference with [plaintiff's] business." Demonstrating "best efforts" requires more than showing good faith, and the issue "almost invariably" poses questions of fact (*Kroboth v Brent*, 215 AD2d 813, 814 [1995]; *see Town of Roxbury v Rodrigues*, 277 AD2d 866, 867 [2000], *lv denied* 96 NY2d 708 [2001]). Here, as Supreme Court noted, the removal and replacement of the USTs took nine months, plaintiff's parking lot was substantially affected, and plaintiff argues that the sale of gasoline was integral to its economic survival. We do not find Khalid's mere assertion that it acted promptly supports judgment as a matter of law in these circumstances. Further, questions of fact are posed as to whether the terms of the personal guaranty signed by Patel encompassed the extended lease and, thus, summary judgment on the third-party complaint is not appropriate (*see generally Lo-Ho LLC v Batista*, 62 AD3d 558 [2009]).

Rose, J.P., Lahtinen and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendants' motion for summary judgment dismissing the first, second and fifth causes of action; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.