Devine, J.
Appeal from that part of an amended order of the Supreme Court (Giardino, J.), entered August 15, 2013 in Fulton County, which partially denied third-party defendant’s motion for summary judgment dismissing the third-party complaint.
Plaintiff, an employee of third-party defendant, Codino’s Foods, Inc. (hereinafter Codino), was allegedly directed by Codino’s owner to adjust nozzles inside a food processing machine. Plaintiff reached inside the machine while it was operating and the sleeve of his uniform got caught in the gears, pulling his arm into the machine and causing serious injuries to his right hand and arm.
Plaintiff commenced a negligence action sounding in products liability against, among another, defendant Techno-Design, Inc., the manufacturer of the machine, which in turn commenced an action for common-law indemnification and contribution against Codino. Codino moved for summary judgment dismissing the third-party complaint on the ground that plaintiff did not sustain a grave injury as provided in Workers’ Compensation Law § 11, thereby barring Techno-Design’s claims for relief against Codino. Thereafter, Techno-Design cross-moved for summary judgment on its indemnification and contribution claims. In an amended order, Supreme Court partially granted Codino’s motion, by dismissing Techno-Design’s claim that plaintiff suffered a grave injury as a result of the loss of several fingers; the court denied that part of the motion relating to the claimed total loss of use of plaintiffs *1169 hand. Supreme Court also denied Techno-Design’s cross motion in its entirety.* This appeal by Codino ensued.
Codino maintains that, because plaintiff did not experience a total loss of use of his right hand, Supreme Court erred in partially denying its motion for summary judgment. We agree. An employer may only be liable for indemnification or contribution where its employee is found to have suffered a grave injury which, as is relevant here, includes the “permanent and total loss of use or amputation of an arm, leg, hand or foot. . . [or the] loss of multiple fingers” (Workers’ Compensation Law § 11; see Bush v Mechanicville Warehouse Corp., 79 AD3d 1327, 1328 [2010]; Blackburn v Wysong & Miles Co., 11 AD3d 421, 422 [2004]; Trimble v Hawker Dayton Corp., 307 AD2d 452, 453 [2003]). In support of its motion, Codino submitted plaintiffs deposition testimony and verified bill of particulars, as well as physician affidavits indicating, among other things, that plaintiff had not lost all function or use of his right hand. In particular, an examining physician averred that plaintiff had lost 90% use of his upper right extremity and 60% use of the fingers on his right hand due to the loss of functionality of his middle, ring and small fingers. However, record evidence shows that plaintiff can pinch his index and middle fingers to his thumb. During his deposition, plaintiff testified that he was able to use his right hand to, among other things, lift a pen, grasp keys, move the gear shift and operate his vehicle, tie his shoes, button his shirt, use a fork and spoon, dial a telephone and write to some degree. Having met its initial burden by proffering competent evidence that plaintiffs injury to his right hand did not result in a total loss of use (see Trimble v Hawker Dayton Corp., 307 AD2d at 453), the burden shifted to Techno-Design to demonstrate that a material issue of fact existed to preclude the dismissal of its complaint (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Way v Grantling, 289 AD2d 790, 793 [2001]).
To that end, one of plaintiffs treating physicians, Lynne Nicolson, opined that plaintiffs range of motion in his right hand had been reduced to five percent and that his condition was likely permanent. Nicolson acknowledged that plaintiff is “functionally independent” and her insistence that he uses his “right upper extremity as nothing more than an assistive de *1170 vice . . . as if his hand had been amputated” or that his hand is capable only of “passive movement” is belied by the record evidence (see Fleischman v Peacock Water Co., Inc., 51 AD3d 1203, 1205 [2008]; compare Millard v Alliance Laundry Sys., LLC, 28 AD3d 1145, 1147 [2006]). Thus, “[g]iven the plain meaning of the words used in Workers’ Compensation Law § 11,” we do not agree with Supreme Court’s conclusion that plaintiffs limited ability to use his right hand creates an issue of fact as to whether he sustained a total loss of use of such hand (Trimble v Hawker Dayton Corp., 307 AD2d at 453; see Fleischman v Peacock Water Co., Inc., 51 AD3d at 1205; compare Cullin v Makely, 80 AD3d 1042, 1043-1044 [2011]). Inasmuch as plaintiff did not sustain a grave injury within the meaning of the Workers’ Compensation Law, Techno-Design’s third-party complaint should have been dismissed in its entirety (see Giblin v Pine Ridge Log Homes, Inc., 42 AD3d 705, 707 [2007]).
Finally, we decline Techno-Design’s request to grant it summary judgment on its claim that, because three of plaintiffs fingers are purportedly unable to function, he sustained a cognizable grave injury. While “this Court has the authority to grant summary judgment to a nonappealing party” (Shree Shiv Shakti Corp. v Khalid Props., LLC, 106 AD3d 1434, 1436 [2013]), given that the statute must be narrowly read, we cannot agree with Techno-Design’s argument that the permanent immobility or purported “functional amputation” of three of plaintiffs fingers should compel us to expand the legal significance of the “loss of multiple fingers” category and determine as a matter of law that plaintiff has a grave injury (Workers’ Compensation Law § 11; see Rubeis v Aqua Club, Inc., 3 NY3d 408, 415-416 [2004]; Castro v United Container Mach. Group, 96 NY2d 398, 401-402 [2001]).
McCarthy, J.P., Rose and Egan Jr., JJ., concur.
Ordered that the amended order is modified, on the law, with costs to third-party defendant, by reversing so much thereof as partially denied third-party defendant’s motion for summary judgment; motion granted in its entirety and third-party complaint dismissed; and, as so modified, affirmed.

 In its original order, Supreme Court granted Codino’s motion for summary judgment in its entirety and dismissed the third-party complaint. However, after realizing that it had not received plaintiffs papers in opposition to Codino’s motion, the court considered plaintiffs submission and executed the amended order at issue in this appeal.