Rucinski v More Restoration Co., Inc. (2022 NY Slip Op 06771)

Rucinski v More Restoration Co., Inc.

2022 NY Slip Op 06771

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 303087/12, 83924/12, 83996/12, 83739/13, 84015/15, 84057/15, 84072/15 Appeal No. 16728 Case No. 2020-04517 

[*1]Zbigniew Rucinski et al., Plaintiffs,
v
More Restoration Co., Inc., et al., Defendants. (A Third-Party Action.)
Skylights By George Co., Inc., Second Third-Party Plaintiff-Respondent,
v
More Restoration Co. Inc., et al., Second Third-Party Defendants. Kraus Management, Inc. et al., Second Third-Party Defendants-Appellants.
Kraus Management Inc., Third Third-Party Plaintiff-Appellant,
v
Skylights By George Co., Inc., Third Third-Party Defendant-Respondent. (And Fourth, Fifth and Six Third-Party Actions.)

Mauro Lilling NaParty LLP, Woodbury (Anthony F. DeStefano of counsel), for appellants.
Maroney & O'Connor, LLP, New York (Darian A. Bryan of counsel), for respondent.

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about October 7, 2020, which, to the extent appealed from as limited by the briefs, conditionally granted the motion of defendant/third third-party plaintiff Kraus Management Inc. and defendant Franklin Kite Housing Development Fund Corporation (together, defendants) for summary judgment for contractual indemnification against third third-party defendant Skylights By George Co., Inc., and granted Skylights's motion for summary judgment dismissing the third third-party claims against it for common-law indemnification and contribution, unanimously reversed, on the law, without costs, to deny Skylights's motion and unconditionally grant defendants' motion.
Zbigniew Rucinski, the injured plaintiff (plaintiff), was employed by Skylights, a subcontractor that had been hired to replace skylights on premises owned by Kraus Management and managed by Franklin Kite. Plaintiff alleges that while he was doing the installation work at the premises, he was struck by a piece of debris, suffering a traumatic brain injury that resulted in permanent total disability.
Skylights's motion for summary judgment dismissing the common-law indemnification and contribution claims as against it should have been denied. Skylights satisfied its prima facie burden of showing that plaintiff did not sustain a grave injury by submitting a report by its expert Dr. Carmen Vasquez, who opined that plaintiff could function cognitively well, and by submitting a report by vocational rehabilitation expert Peter Capotosto, who opined that plaintiff was able to return to the workforce, even if his employability was limited to performing a less physically strenuous type of work than he had with his previous employment. However, in opposition, defendants raised an issue of fact by submitting a report from their expert Dr. Noel Fleisher, who opined that plaintiff suffered a permanent total disability from his head injury and that he was not employable at even sedentary work. The parties' differing expert opinions raised a triable issue of fact as to whether plaintiff's alleged brain injury resulted in a "grave injury" under Workers' Compensation Law § 11, rendering him unemployable in any capacity (see Rubeis v Aqua Club, Inc., 3 NY3d 408, 413 [2004]; Clarke v Empire Gen. Contr. & Painting Corp., 189 AD3d 611, 612 [1st Dept 2020]; Mendez v Union Theol. Seminary in City of N.Y., 26 AD3d 260, 261 [1st Dept 2006]).
Moreover, defendants were entitled to unconditional summary judgment on their contractual claim against Skylights. Skylights's contract, which required it to indemnify defendants for claims arising out of its work, did not require a finding that Skylights had
been negligent (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; Ezzard v One E. Riv. Place Realty Co., LLC, 137 AD3d 648, 649 [1st Dept 2016]).
We have considered the parties' remaining contentions and find them unavailing.
THIS [*2]CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022