Salinas v World Houseware Producing Co. Ltd. (2023 NY Slip Op 03212)

Salinas v World Houseware Producing Co. Ltd.

2023 NY Slip Op 03212

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 107662/10 Appeal No. 464 Case No. 2022-00884 

[*1]La Nona Jean Salinas, Plaintiff-Respondent,
v
World Houseware Producing Co. Ltd., Defendant, Josie Accessories, Inc., Defendant-Appellant, Dolgencorp of Texas, Inc., Defendant-Respondent.

Russo & Gould LLP, New York (Alan S. Russo of counsel), for appellant.
Rothman, Schneider Soloway & Stern LLP, New York (Robert A. Soloway of counsel), and Bandas Law Firm, P.C., Corpus Christi, TX (Robert W. Clore of the bar of the State of Texas, admitted pro hac vice, of counsel), for La Nona Jean Salinas, respondent.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Adam C. Calvert of counsel), for Dolgencorp of Texas, Inc., respondent.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about February 1, 2022, which, to the extent appealed from, denied defendant Josie Accessories, Inc.'s (Josie) motion for summary judgment dismissing the complaint against it, and granted defendant Dolgencorp of Texas, Inc.'s (Dolgencorp) motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.
In this action for severe injuries sustained by plaintiff when a potholder which she was using caught fire, Supreme Court properly denied Josie's motion for summary judgment. The court correctly deemed conclusory the expert affidavit on which Josie's motion relied in arguing that the potholder was not reasonably safe for its intended use and was not defective. Among other things, the expert failed to explain what tests he specifically performed, and although he stated that there were no specific and/or required flammability tests for potholders, he nevertheless opined that the subject potholder was designed and manufactured in accordance with existing industry standards. In any event, in opposition to Josie's motion, plaintiff raised an issue of fact as to whether the potholder was defective by submitting an expert affidavit that opined that the stitching and fill material of the potholder was all or partially composed of polyester, which increased its flammability; that the potholder was not treated with flame retardant; that adding flame retardant to the potholder would have been a safer alternative design and would have been technologically and economically feasible; and that the potholder was defective and was not designed and manufactured in accordance with industry norms (see Rucinski v More Restoration Co. Inc., 210 AD3d 604, 605 [1st Dept 2022]).
Because plaintiff is a Texas resident who was injured in Texas by a product purchased in Texas, and the only connection to New York is Josie's place of business, the substantive issues here are governed by Texas law (see Devore v Pfizer Inc., 58 AD3d 138, 141 [1st Dept 2008], lv denied 12 NY3d 703 [2009]). Under Texas law, Dolgencorp, as a nonmanufacturing seller of the potholder, can be exempt from liability if it did not participate in the design of the potholder (see Texas Civil Practice and Remedies Code § 82.003[a][1]). Plaintiff failed to raise any triable issue as to whether
Dolgencorp participated in the design of the potholder, and thus the court properly granted summary judgment dismissing the complaint against Dolgencorp.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023