Cotroneo v Van Wagner Sign Erectors, LLC (2025 NY Slip Op 06130)

Cotroneo v Van Wagner Sign Erectors, LLC

2025 NY Slip Op 06130

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 162038/15|Appeal No. 5128|Case No. 2024-01951|

[*1]Cosmo Cotroneo, Plaintiff-Respondent,
v
Van Wagner Sign Erectors, LLC Now Known as Outfront Media Sign Erectors, LLC, et al., Defendants-Respondents. Cross Management Corp., Third-Party Plaintiff,
Van Wagner Sign Erectors, LLC Now Known as Outfront Media Sign Erectors, LLC, Second Third-Party Plaintiff- Respondent,
v
Nead Electric of New Jersey, Inc., Second Third-Party Defendant- Appellant.
Vornado Realty Trust, et al., Third Third-Party Plaintiffs-Respondents,
v
Nead Electric, Inc., et al., Third Third-Party Defendants-Appellants.

Milber Makris Plousadis & Seiden LLP, Woodbury (Daniel Wright of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Cosmo Cotroneo, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Eileen Budd of counsel), for Van Wagner Sign Erectors and Van Wagner Electrical and Maintenance, respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered March 15, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendants Nead Electric, Inc. and Nead Electric of New Jersey, Inc. (collectively, Nead) for summary judgment dismissing the second and third third-party complaints against them, unanimously affirmed, without costs.
Plaintiff, an electrician employed by subcontractor Nead, alleged he suffered a traumatic brain injury and spinal injuries when an 82-pound lid to a "foreman's helper" gang box swung down and struck the right side of his head.
Nead established by its medical evidence, as well as by plaintiff's deposition testimony, prima facie entitlement to summary judgment dismissing the remaining second and third third-party complaints against it. The opposition to the motion submitted by plaintiff and second and third third-party plaintiffs do not directly challenge the MRI findings of June 2014 and August 2015, which reported "normal" results as to the images of plaintiff's brain. Moreover, the opposition did not directly address plaintiff's testimony as to his working for about a year post-accident, or his admitted ability to obtain a driver's license without restrictions and attend the gym.
However, in viewing the evidence in the light most favorable to the nonmoving parties (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]), the conflicting medical evidence raises triable issues as to whether plaintiff suffered a grave injury to his brain and whether such injury rendered him unemployable in any capacity (see Workers' Compensation Law § 11; Ruebeis v Aqua Club, Inc., 3 NY3d 408, 415-417 [2004]; Rucinski v More Restoration Co. Inc., 210 AD3d 604, 605 [1st Dept 2022]). The opposition relied on medical reports by plaintiff's treating neurologist, as well as medical opinions from vocational rehabilitation expert Richard Schuster, Ph.D., and two collective reports from Nelson Salamanca, MA, and Kathleen M. Acer, Ph.D., along with a 2020 MRI of plaintiff's brain that a radiologist interpreted as showing objective evidence of traumatic brain injury. While Nead's medical evidence calls into question plaintiff's grave injury claim, the medical evidence submitted in opposition to the motion, based on treatment, testing, evaluation, and the findings from the 2020 MRI, sufficiently raises triable issues.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025