■ YVONNE WILLIAMS et al., Respondents, v SHAWN TEN-NIEN et al., Appellants. [741 NYS2d 365] —Appeal from an order of Supreme Court, Onondaga County (Stone, J.), entered April 9, 2001, which denied the cross motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries allegedly sustained by Yvonne Williams (plaintiff) when her vehicle was struck by a vehicle driven by defendant Shawn Tennien and owned by defendant Janice C. Taylor. Tennien's vehicle slid out of control because of snowy road conditions and crossed over into the opposing lane of traffic, striking plaintiff's vehicle. Plaintiff's vehicle was propelled to the side of the road and landed at least partially in a ditch. Plaintiff attempted to open the front doors of her vehicle but was unable to do so. She then began kicking one of the front doors with both feet in an effort to exit her vehicle.

She continued kicking the door for five minutes until the door opened. As the alleged result of kicking the door, plaintiff either sustained heel injuries or aggravated preexisting heel injuries.

Supreme Court properly denied defendants' cross motion for summary judgment dismissing the complaint. In support of their motion, defendants asserted that as a matter of law the superseding cause of plaintiff's injuries was plaintiff's intervening act in repeatedly kicking the door. "An intervening act will be deemed a superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (*Kush v City of Buffalo,* 59 NY2d 26, 33). An intervening act will not be deemed a superseding cause, however, if "the intervening act is a natural and foreseeable consequence of a circumstance created by defendant" (*id.* at 33). Here, it cannot be said as a matter of law that the act of plaintiff in using her feet to force open the door of the vehicle, rather than waiting for assistance, was a superseding cause of her injuries (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316, *rearg denied* 52 NY2d 784; *Humbach v Goldstein,* 255 AD2d 420, 421; *Schneider v Verson Allsteel Press Co.,* 236 AD2d 806; *cf. Egan v A.J. Constr. Corp.,* 94 NY2d 839, 841; *Miecznikowski v Robida,* 278 AD2d 793, 794, *lv denied* 96 NY2d 709). "It is not required that the defendant foresee the exact manner in which h[is] negligence will result in injury * * *; it is enough that some injury to plaintiff was foreseeable as a result of h[is] negligence" (*McMorrow v Trimper,* 149 AD2d 971, 972, *affd* 74 NY2d 830). Present—Pigott, Jr., P.J., Pine, Hayes, Kehoe and Gorski, JJ.