■ MICHAEL P. GIBLIN, Respondent, v PINE RIDGE LOG HOMES, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendants. MARTIN McCLARY, Doing Business as MARTY McCLARY'S POURED WALLS, Third-Party Defendant-Appellant-Respondent. [840 NYS2d 196]—

Mugglin, J. Cross appeals from an order of the Supreme Court (Giardino, J.), entered May 16, 2006 in Schenectady County, which, inter alia, partially denied third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

Plaintiff, an employee of third-party defendant, Martin McClary, sustained an injury to his right eye which ultimately required it to be surgically removed. Defendant Pine Ridge Log Homes, Inc. had contracted for the construction of the shell of a log home for defendant Roy Fowler and Paula Fowler. Pine Ridge subcontracted the foundation work to McClary and plaintiff sustained his injury while removing concrete forms from the foundation. Plaintiff instituted this action against Pine Ridge alleging violations of Labor Law §§ 200 and 241, and a cause of action for common-law negligence. As relevant herein, Pine Ridge then commenced a third-party action against McClary

seeking common-law and contractual indemnification and damages for an alleged breach of an agreement to procure liability insurance. Following joinder of issue, Pine Ridge sought summary judgment against McClary on its indemnification claims and McClary cross-moved for summary judgment dismissing those claims and severance of the breach of contract claim. Supreme Court granted dismissal of Pine Ridge's contractual indemnification claim as there was no written indemnification contract, denied summary judgment dismissing the common-law indemnification claim, concluding that an issue of fact existed as to whether plaintiff suffered a grave injury under Workers' Compensation Law § 11, and denied McClary's cross motion for severance of the breach of contract claim. Both Pine Ridge and McClary appeal.

As a preliminary matter, we reject McClary's contention that because plaintiff is not an aggrieved party arguments made by plaintiff on this appeal should not be considered. Plaintiff's interest in securing the source of payment for any award he may ultimately obtain is a significant and substantial interest requiring us to consider plaintiff's arguments.

Next, Workers' Compensation Law § 11 prohibits third-party indemnification or contribution claims against employers, except in the case of a "grave injury" or where based upon a written contract entered into prior to the accident (*see Rodrigues v N & S Bldg. Contrs., Inc.,* 5 NY3d 427 [2005]; *Mentesana v Bernard Janowitz Constr. Corp.,* 36 AD3d 769, 771 [2007]). Accordingly, Supreme Court correctly granted summary judgment dismissing Pine Ridge's claim based on an alleged oral agreement to add it as an additional insured on McClary's policy. Pine Ridge's argument that Supreme Court improperly failed to grant its motion for summary judgment seeking indemnification on breach of contract grounds is raised for the first time in its reply brief, and is not properly before us (*see Matter of Deuel v Dalton,* 33 AD3d 1158, 1159 [2006]; *People v Lindahl,* 33 AD3d 1125, 1126 n [2006]).

Thus, the central issue in this appeal distills to whether plaintiff suffered a "grave injury" under Workers' Compensation Law § 11 (*see* Workers' Compensation Law § 11; *Rubeis v Aqua Club, Inc.,* 3 NY3d 408 [2004]). As a preliminary matter, we are unpersuaded that the absence of the term "grave injury" in Pine Ridge's third-party complaint requires a finding in McClary's favor on this issue. In our view, the allegations of the third-party complaint provide sufficient notice to McClary that Pine Ridge asserts that plaintiff suffered an injury that could arguably be characterized as a "grave injury" under Workers'

Compensation Law § 11 (*see Diemer v Diemer*, 8 NY2d 206, 212 [1960]). Moreover, since McClary is unable to demonstrate any prejudice that may reasonably flow from the failure of Pine Ridge to use the term "grave injury" and in view of McClary raising the issue as an affirmative defense, we are unpersuaded that the third-party complaint is so defective as to require dismissal.

Both Pine Ridge and McClary contend that if plaintiff suffered a "grave injury," it must fall within the "permanent and severe facial disfigurement" category of injuries listed in Workers' Compensation Law § 11. In the absence of factual disputes with regard to the injury sustained by plaintiff, the question is whether loss of a single eye constitutes a "permanent and severe facial disfigurement" as a matter of law. Since no prior case has resolved this discrete issue, we must interpret the statutory language, guided by the controlling principle of ascertaining the legislative intent against the background and purpose of the statute (*see Way v Grantling*, 289 AD2d 790, 791 [2001]), and in light of the holding in *Castro v United Container Mach. Group* (96 NY2d 398 [2001]) that "[i]njuries qualifying as grave are narrowly defined" and the "[w]ords in [the] statute are to be given their plain meaning without resort to forced or unnatural interpretations" (*id.* at 401).

The word "disfigurement" is defined as that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshapen or imperfect or deforms in some manner (*see* Black's Law Dictionary 480 [7th ed 1999]). Here, the record contains no evidence that plaintiff suffered a severe facial disfigurement as a result of the injury sustained. Although a surgically removed eye clearly results in a permanent condition, plaintiff wears a prosthesis which is removed only once a year for cleaning. As Supreme Court aptly noted, the photographs of plaintiff wearing the prosthesis demonstrate little difference, if any, in his facial appearance before and after the accident. As the list of grave injuries in Workers' Compensation Law § 11 is exhaustive and is not to be extended absent legislative action—we conclude that plaintiff did not suffer an injury that permanently creates severe disfigurement of the outward appearance. Accordingly, Pine Ridge has no viable claim for common-law indemnification from plaintiff's employer, McClary.

As a final matter, we are unable to discern any abuse of discretion in Supreme Court's denial of McClary's cross motion for severance of the third cause of action alleged in the third-party complaint. Moreover, since McClary has failed to establish how

it would be prejudiced in any way without severance, we conclude that severance is unavailable (*see* CPLR 603; *Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844, 844 [2001]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's cross motion seeking dismissal of the common-law indemnification claim; cross motion granted to that extent and said claim dismissed; and, as so modified, affirmed.