DAVID PILATO, Appellant-Respondent, v NIGEL ENTER-
PRISES, INC., Doing Business as NIGEL BUILDERS, Respondent-
Appellant and Third-Party Plaintiff-Appellant-Respondent.
JAMES MALCZEWSKI, JR., Doing Business as JMJ CONSTRUCTION
Co., Third-Party Defendant-Respondent-Appellant. [850 NYS2d
799]—

Appeal and cross appeals from an order of the Supreme Court,
Erie County (John A. Michalek, J.), entered April 3, 2007 in a
personal injury action. The order, inter alia, denied the motion
of defendant and third-party plaintiff for, inter alia, summary
judgment, denied the cross motion of plaintiff for partial sum-
mary judgment and denied the cross motion of third-party de-
fendant for summary judgment dismissing the third-party
complaint.

It is hereby ordered that the order so appealed from is
unanimously modified on the law by granting that part of the
motion seeking summary judgment dismissing the Labor Law
§ 241 (6) claim insofar as it is based on the alleged violations of
12 NYCRR 23-1.8 (a), 23-1.22 (c) and 23-5.1 and dismissing that
claim to that extent and by granting the cross motion of third-
party defendant and dismissing the third-party complaint and
as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and
common-law negligence action seeking damages for injuries he
sustained when he hit his face against a ceiling joist while fram-
ing a house that was under construction. As a result of the ac-
cident, plaintiff injured his right eye and sustained multiple
fractures around it. Plaintiff's right eye was eventually removed
and replaced with a prosthetic eye. Defendant was the owner
and developer of the site where plaintiff was working, and de-
fendant commenced a third-party action against plaintiff's

employer. Defendant moved for, inter alia, summary judgment dismissing the amended complaint and common-law indemnification from third-party defendant, plaintiff cross-moved for partial summary judgment on liability under Labor Law § 240 (1) and § 241 (6), and third-party defendant cross-moved for summary judgment dismissing the third-party complaint. We conclude that Supreme Court properly denied plaintiff's cross motion but erred in denying that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violations of 12 NYCRR 23-1.8 (a), 23-1.22 (c) and 23-5.1 and in denying third-party defendant's cross motion. We therefore modify the order accordingly.

We conclude with respect to Labor Law § 240 (1) that there is an issue of fact whether plaintiff's injuries were the result of an elevation-related risk (*see Robinson v East Med. Ctr., LP*, 17 AD3d 1027 [2005], *affd on other grounds* 6 NY3d 550 [2006]; *Keefe v E & D Specialty Stands*, 259 AD2d 994 [1999], *lv dismissed* 93 NY2d 999 [1999], *lv denied* 95 NY2d 761 [2000]). Here, plaintiff was straddled across exposed ceiling joists that were approximately eight feet above the floor below and approximately 14 to 16 inches apart. Although a large area on top of the ceiling joists was covered with temporary plywood decking, the area in which plaintiff was working was not covered with plywood. Plaintiff stepped from one joist to another in order to retrieve a circular saw that was hanging from a joist, and he lost his balance and fell forward into one of the ceiling joists when the cord of the saw became "snagged on something," causing the direct impact with plaintiff's face.

Plaintiff is unable to recall what occurred from the time that he lost his balance until he regained consciousness while on the floor below, and it does not appear from the record that anyone saw plaintiff either falling or hitting his face on the ceiling joist. The only person who saw plaintiff before he hit the floor testified at his deposition that he observed plaintiff hanging from the ceiling joist and then lowering himself to the floor. We thus conclude on the record before us that there is an issue of fact whether plaintiff fell between the ceiling joists and hit his face while falling, or whether plaintiff fell forward onto a ceiling joist, hit his face and then lowered himself to the floor.

We also reject the contention of defendant that the court erred in denying that part of its motion for summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (b) (1). Pursuant to that regulation, "[e]very hazardous opening into which a person

may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part (rule)" (12 NYCRR 23-1.7 [b] [1] [i]). We conclude on the record before us that there are triable issues of fact concerning the circumstances of plaintiff's accident and the adequacy of the protection afforded to plaintiff with respect to the 14- to 16-inch spaces between the ceiling joists. There is a further issue of fact whether the failure to cover those spaces in plaintiff's work area with the same temporary plywood decking used to cover a large portion of the working area would have prevented plaintiff's accident (*see generally Luckern v Lyonsdale Energy Ltd. Partnership*, 281 AD2d 884, 886-887 [2001]). We agree with defendant, however, that the three remaining Industrial Code provisions upon which plaintiff relies, i.e., 12 NYCRR 23-1.8 (a), 23-1.22 (c) and 23-5.1, are inapplicable to this case.

We further reject the contention of defendant that it established as a matter of law that plaintiff sustained a grave injury within the meaning of Workers' Compensation Law § 11 and that the court therefore erred in denying that part of its motion for summary judgment seeking common-law indemnification from third-party defendant. Indeed, as previously noted, we conclude that the court properly granted the cross motion of third-party defendant, plaintiff's employer, for summary judgment dismissing the third-party complaint on the ground that plaintiff did not sustain a grave injury as a matter of law and there is no written contract authorizing indemnification claims against third-party defendant (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427 [2005]). We conclude, as did the Third Department in *Giblin v Pine Ridge Log Homes, Inc.* (42 AD3d 705 [2007]), that the loss of a single eye does not constitute a "permanent and severe facial disfigurement" within the meaning of Workers' Compensation Law § 11 as a matter of law. The Court of Appeals has made clear that the list of grave injuries defined in Workers' Compensation Law § 11 is both exhaustive and to be narrowly construed (*see Castro v United Container Mach. Group*, 96 NY2d 398, 401-402 [2001]).

Upon our review of the photographs of plaintiff included in the record, we note that there appears to be some scarring around his right eye that is barely visible, his right eye appears slightly more open than his left eye and the color of his prosthetic eye is slightly darker than his right eye. The prosthetic must be removed twice a year for cleaning but otherwise must stay in place in plaintiff's eye socket. As the Third Department wrote in *Giblin*, "[t]he word 'disfigurement' is defined as that

which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshapen or imperfect or deforms in some manner (*see* Black's Law Dictionary 480 [7th ed 1999])" (*id.* at 707). Here, as in *Giblin*, "the record contains no evidence that plaintiff suffered a severe facial disfigurement as a result of the injury sustained" (*id.*). Present—Martoche, J.P., Smith, Centra, Peradotto and Green, JJ.