Kuligowski v One Niagara, LLC (2019 NY Slip Op 08023)





Kuligowski v One Niagara, LLC


2019 NY Slip Op 08023


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


860 CA 18-01904

[*1]MICHAEL KULIGOWSKI, PLAINTIFF-RESPONDENT,
v
ONE NIAGARA, LLC, R.B. U'REN EQUIPMENT RENTAL, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (MAUREEN G. FATCHERIC OF COUNSEL), FOR DEFENDANT-APPELLANT ONE NIAGARA, LLC. 
VARVARO, COTTER & BENDER, WHITE PLAINS (LISA L. GOLLIHUE OF COUNSEL), FOR DEFENDANT-APPELLANT R.B. U'REN EQUIPMENT RENTAL, INC.
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (MICHAEL T. SZCZYGIEL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered October 2, 2018. The order, among other things, denied in part the motion of One Niagara, LLC and the cross motion of defendant R.B. U'Ren Equipment Rental, Inc. seeking summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law §§ 200, 241 (6), and common-law negligence action seeking damages for injuries he allegedly sustained when he picked up a loose piece of duct work for an industrial air conditioner. The piece of duct work, which had been removed from its original pallet and placed, unsecured, atop another pallet, fell from a forklift that was transporting the material to the loading dock of premises owned by defendant One Niagara, LLC (One Niagara) and managed by plaintiff's employer on behalf of One Niagara's tenant. One Niagara moved for, inter alia, summary judgment dismissing the complaint against it. Defendant R.B. U'Ren Equipment Rental, Inc. (RB), which provided one of the forklifts used in the operation, cross-moved for, inter alia, summary judgment dismissing the complaint against it.
In its order, Supreme Court, inter alia, denied One Niagara's motion and RB's cross motion to the extent that they sought summary judgment dismissing the complaint against them on the ground that plaintiff's actions were the superseding cause of the accident and summary judgment dismissing the Labor Law § 241 (6) cause of action against them insofar as it is predicated on alleged violations of 12 NYCRR 23-9.8 (e), (h), and (j). The court also denied that part of RB's cross motion with respect to the Labor Law § 200 and common law negligence cause of action. One Niagara and RB (defendants) separately appeal, and we affirm.
We reject the contentions of One Niagara and RB on their respective appeals that the court erred in denying those parts of their respective motion and cross motion seeking summary judgment dismissing the complaint on the ground that plaintiff's own conduct, rather than any negligence on the part of defendants, proximately caused the accident. It is well settled that "[w]hen a question of proximate cause involves an intervening act, liability turns upon whether the intervening act is a normal and foreseeable consequence of the situation created by the defendant[s'] negligence" (Hain v Jamison, 28 NY3d 524, 529 [2016] [internal quotation marks omitted]; see Mazella v Beals, 27 NY3d 694, 706 [2016]). Thus, "[i]t is only where the [*2]intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant[s'] conduct, [that it] may . . . possibly break[ ] the causal nexus" (Hain, 28 NY3d at 529 [internal quotation marks omitted]).
Here, we conclude that defendants did not establish, as a matter of law, that it was unforeseeable that plaintiff would pick up the piece of duct work that fell to the ground. Plaintiff's deposition testimony, which defendants submitted in support of their respective motion and cross motion, established that his job on the day of the accident was to supervise the transport of the air conditioner and its components to the area where that equipment was to be installed and that he picked the piece of duct work up to avoid creating a dangerous situation on the public roadway onto which it had fallen. Given that plaintiff's job required him to ensure that the transport of the materials was done safely and efficiently, it was reasonably foreseeable that he would take it upon himself to pick up a loose piece of duct work that had fallen to the ground (see Gardner v Perrine, 101 AD3d 1587, 1587-1588 [4th Dept 2012]; Williams v Tennien, 294 AD2d 841, 842 [4th Dept 2002]).
We also reject defendants' contentions on their respective appeals that the court erred in denying their respective motion and cross motion to the extent that they sought dismissal of the Labor Law § 241 (6) cause of action insofar as that cause of action is predicated on alleged violations of 12 NYCRR 23-9.8 (e), (h), and (j). Contrary to defendants' contentions, we conclude that those Industrial Code provisions are sufficiently specific to support a Labor Law § 241 (6) cause of action (see e.g. Oakes v Wal-Mart Real Estate Bus. Trust, 99 AD3d 31, 40 [3d Dept 2012]; Fisher v WNY Bus Parts, Inc., 12 AD3d 1138, 1140-1141 [4th Dept 2004]; Dreher v City of New York, 2012 NY Slip Op 32498[U] [Sup Ct, NY County 2012], appeal withdrawn 115 AD3d 585 [1st Dept 2014]). Furthermore, we conclude that defendants failed to meet their initial burden on their respective motion and cross motion inasmuch as their own submissions raised issues of fact whether those Industrial Code provisions were violated and whether they applied to the facts of this case (see Winters v Uniland Dev. Corp., 174 AD3d 1293, 1295 [4th Dept 2019]). Evidence in the record suggests that the forklift may have been operated on an uneven surface, causing the loose piece of duct work to fall (see 12 NYCRR 23-9.8 [e]; see generally Lane v Texas Roadhouse Holdings, LLC, 96 AD3d 1364, 1364-1365 [4th Dept 2012]). Similarly, the operation of the forklift over an allegedly uneven surface may have caused the piece of duct work to fall by preventing the loaded pallet from remaining level at all times (see 12 NYCRR 23-9.8 [h]). Finally, defendants failed to show that 12 NYCRR 23-9.8 (j) was not violated given evidence that the forklift's forks were raised two to three feet and given the dearth of evidence justifying that positioning (see generally Morris v Parvarini Constr., 9 NY3d 47, 51 [2007]). We note that RB's contention that it cannot be liable under Labor Law § 241 (6) because it was not the "agent" of an owner or contractor was raised for the first time on appeal and therefore is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Finally, we reject RB's contention on its appeal that the court erred in denying the cross motion with respect to the Labor Law § 200 and common-law negligence claims asserted against RB because RB's own submissions raised a question of fact regarding the identity of the forklift driver who was operating the forklift at the time of the accident. In support of its cross motion, RB relied on plaintiff's deposition testimony, in which plaintiff testified that the forklift was provided by RB and was operated by a driver employed by that company. RB also relied on the deposition testimony of its forklift driver, who testified that he did not use the RB forklift to transport any duct work. This conflict presents a triable issue of fact whether RB controlled the injury-producing activity, i.e., whether it was involved in loading and transporting the piece of duct work that caused plaintiff's injury (see Wellington v Christa Constr. LLC, 161 AD3d 1278, 1279-1280 [3d Dept 2018]; Hall v Queensbury Union Free Sch. Dist., 147 AD3d 1249, 1252 [3d Dept 2017]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court