**Pinzon v Tristar Assoc., LLC**

2024 NY Slip Op 31346(U)

April 17, 2024

Supreme Court, New York County

Docket Number: Index No. 157693/2019

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                    PART                    **47**

                                    *Justice*

-------------------------------------------------------------------------------X

LUIS PINZON,

                              Plaintiff,

                    - v -

TRISTAR ASSOCIATES, LLC,GLAM SEAMLESS, LLC,

                              Defendants.

-------------------------------------------------------------------------------X

TRISTAR ASSOCIATES, LLC

                    Third-Party Plaintiff,

                    -against-

GLAM SEAMLESS, LLC

                    Third-Party Defendant.

-------------------------------------------------------------------------------X

GLAM SEAMLESS, LLC

                    Second Third-Party Plaintiff,

                    -against-

MINAS CONSTRUCTION, INC.,

                    Second Third-Party Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157693/2019 |
| MOTION DATE | 12/22/2023 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595256/2020

Second Third-Party
Index No.  595735/2021

The following e-filed documents, listed by NYSCEF document number (Motion 006) 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this Labor Law personal injury action, Second Third-Party Defendant Minas

Construction Inc. ("Minas") moves for summary judgment pursuant to CPLR § 3212 dismissing

[* 1]

all claims against it by Second Third-Party Plaintiff, Glam Seamless, LLC ("Glam") for: 1) Contribution; 2) Common Law Indemnification; 3) Contractual Indemnification; and 4) Breach of Contract for a Failure to Procure Insurance (NYSCEF Doc No 143).

## DISCUSSION

*Summary Judgement Standard*

It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-54 [1st Dept 2010]).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the

157693/2019   PINZON, LUIS vs. TRISTAR ASSOCIATES, LLC
Motion No.  006

Page 2 of 7

2 of 7

existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

*Contribution and Common Law Indemnification*

Minas argues that because it was plaintiff, Luis Pinzon's, employer when his accident occurred Workers' Compensation Law § 11 bars Glam's contribution, and common law indemnification claims. Glam argues that plaintiff's injury is a "grave injury", an exception in Workers' Compensation Law § 11 and thus there is no bar on liability. Workers Compensation Law § 11 states:

> An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a "grave injury" which shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.

Here, it is undisputed that plaintiff was an employee of Minas at the time of his accident (NYSCEF Docs No 155 ¶ 7; 171 ¶ 7). During plaintiff's accident a screw flew into plaintiff's right eye, requiring surgery to remove his eye and replace it with A prosthetic eye (*id*. at ¶ 2). Minas and Glam dispute whether the loss of one eye constitutes a "grave injury" under Workers Compensation Law § 11.

"The categories of grave injuries listed in section 11, providing the sole bases for a third-party action, are deliberately both narrowly and completely described; the list, both exhaustive and not illustrative, is not intended to be extended absent further legislative action" (*Fleming v*

**157693/2019  PINZON, LUIS vs. TRISTAR ASSOCIATES, LLC**
**Motion No.  006**

**Page 3 of 7**

[* 3]

*Graham*, 10 NY3d 296, 300 [2008] [internal quotation marks removed]). "[L]oss of vision in one eye—is not a 'grave injury' under Workers' Compensation Law § 11" (*Jarvis v Crotona Assoc., LLC*, 14 AD3d 423, 424 [1st Dept 2005]). Since, a court must "construe statutory words in light of their plain meaning without resort to forced or unnatural interpretations" the loss of one eye does not constitute "total and permanent blindness" and therefore does not amount to a statutorily defined grave injury in itself (*id*.). Further, in both *Giblin v Pine Ridge Log Homes, Inc*., 42 AD3d 705 [3d Dept 2007]; and *Pilato v Nigel Enterprises, Inc.*, 48 AD3d 1133 [4th Dept 2008] the Courts held that the loss of a single eye does not constitute a "permanent and severe facial disfigurement" as a matter of law.

"What constitutes 'permanent and severe facial disfigurement' is unlike most of the other enumerated 'grave' injuries, which are, on the whole, amenable to 'objectively ascertainable' determinations as a matter of law" (*Fleming*, 10 NY3d at 300). "[P]ermanency and severity are both conditions precedent to a finding of 'facial disfigurement'" (*id*.). "[S]everity implies a highly limited class of disfiguring injuries beyond minor scarring or lacerations" (*id*. at 301). Disfigurement means "that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshapen or imperfect or deforms in some manner" (*id*.) The Court of Appeals in *Fleming* summarized the standard stating:

> [A]n injury disfigures the face when it detrimentally alters the plaintiff's natural beauty, symmetry or appearance, or otherwise deforms. A disfigurement is severe if a reasonable person viewing the plaintiff's face in its altered state would regard the condition as abhorrently distressing, highly objectionable, shocking or extremely unsightly. In finding that a disfigurement is severe, plaintiff's injury must greatly alter the appearance of the face from its appearance before the accident.

(*id*.).

In *Pilato*, the Fourth Department found that the loss of an eye did not constitute "permanent and severe facial disfigurement" when, "there appears to be some scarring around his right eye that is barely visible, his right eye appears slightly more open than his left eye and the color of his prosthetic eye is

157693/2019  PINZON, LUIS vs. TRISTAR ASSOCIATES, LLC
Motion No. 006

Page 4 of 7

[* 4]

slightly darker than his right eye" (*Pilato*, 48 AD3d at 1135). Similarly in *Giblin*, the Third Department also found the loss of an eye was not a "grave injury" when "the photographs of plaintiff wearing the prosthesis demonstrate little difference, if any, in his facial appearance before and after the accident" (*Giblin*, 42 AD3d at 707).

Here, Minas submits the IME report of Dr. David L. Abramson who states "[plaintiff] currently presents with a right eye prosthesis and states there is no facial scarring. I have taken photographs of the area around the right globe, and there is no evidence of any facial scarring present" (NYSCEF Doc No 152). Minas submits one of the photographs taken by Dr. Abramson which shows that plaintiff has no significant scarring and is not "abhorrently distressing, highly objectionable, shocking or extremely unsightly." While Glam argues that plaintiff testified that people in public notice he is wearing a prosthetic eye, his condition does not meet the statutory definition for a "permanent and severe facial disfigurement." Therefore, Minas cannot be held liable to Glam for contribution or common law indemnification as recovery is barred by Workers' Compensation Law § 11.

Accordingly, summary judgment will be granted in Minas's favor on Glam's first and second causes of action and they will be dismissed.

*Contractual Indemnification and Breach of Contract*

Minas argues that the contractual indemnification and breach of contract for a failure to procure insurance causes of action must be dismissed because there is no written contract between Minas and Glam for the work performed. Glam opposes arguing that even absent an express written contract, there is an issue of fact regarding the parties contractual agreement.

Workers' Compensation Law § 11 does not bar indemnification and contribution claims based on provisions in a written contract. Workers' Compensation Law § 11 specifically provides that:

157693/2019   PINZON, LUIS vs. TRISTAR ASSOCIATES, LLC
Motion No.  006

Page 5 of 7

[* 5]

5 of 7

> For purposes of this section the terms "indemnity" and "contribution" shall not include a claim or cause of action for contribution or indemnification based upon a provision in a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant or person asserting the cause of action for the type of loss suffered.

While, Glam admits that there is no written contract between the parties it argues that the emails between the parties, the conduct of the parties, and payments by Glam to Minas shows that there was a meeting of the minds sufficient to give rise to an enforceable contract. Glam relies on *Flores v Lower E. Side Serv. Ctr., Inc.*, where the Court of Appeals ruled that the language of Workers' Compensation Law § 11 does not explicitly require that the contract with the indemnification provision be signed and common law principles of contract formation should apply (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363 [2005]). However, while the ruling in *Flores* states that common law principles can apply to enforce an unsigned contract, it still requires the existence of a *written* contract. Indeed, "[w]hen it enacted Workers' Compensation Law § 11, the Legislature clearly intended to limit the number of indemnification claims against employers by requiring that indemnification agreements be memorialized in a written contract." (*id.* at 369).

Here, while the correspondences and behavior of the parties may indicate that a contract existed under common-law principles, Glam has failed to submit written correspondence that Minas agreed to indemnify Glam, creating an exception to the bar on employer liability under Workers' Compensation Law § 11. Further, Glam has also failed to submit any evidence that Minas agreed to procure insurance. Accordingly, summary judgment will be granted in Minas's favor on Glam's third and fourth causes of action and they will be dismissed.

Accordingly it is,

ORDERED that Minas's motion for summary judgment is granted and the second third-party complaint against it is dismissed; and it is further

**157693/2019   PINZON, LUIS vs. TRISTAR ASSOCIATES, LLC**
**Motion No.  006**

**Page 6 of 7**

ORDERED that the clerk is directed to enter judgment accordingly with costs and disbursements to Minas; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

20240417135020PGOETZ1CBB8AFA13310A37D9C68BAB2D9F3AC73

| 4/17/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157693/2019   PINZON, LUIS vs. TRISTAR ASSOCIATES, LLC**
**Motion No.  006**

**Page 7 of 7**