Viglietta v Asbestos Corp. Ltd. (2024 NY Slip Op 02624)

Viglietta v Asbestos Corp. Ltd.

2024 NY Slip Op 02624

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, GREENWOOD, NOWAK, AND KEANE, JJ.

207 CA 23-00749

[*1]TERRI VIGLIETTA, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF BENEDICT VIGLIETTA, DECEASED, PLAINTIFF-RESPONDENT,
v
ASBESTOS CORPORATION LIMITED, ET AL., DEFENDANTS, AND HEDMAN RESOURCES LIMITED, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

CLYDE & CO LLP, NEW YORK CITY (PETER J. DINUNZIO OF COUNSEL), FOR DEFENDANT-APPELLANT.
BELLUCK & FOX, LLP, NEW YORK CITY (SETH A. DYMOND OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Niagara County (Deborah A. Chimes, J.), entered December 21, 2022. The judgment awarded plaintiff money damages against defendant Hedman Resources Limited. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Decedent and his spouse, plaintiff Terri Viglietta, commenced this action seeking damages for injuries that decedent suffered as a result of his alleged exposure in the 1970s to asbestos while he was employed by a predecessor-in-interest of Occidental Chemical Corporation (OCC), a nonparty to this action. Defendant Hedman Resources Limited (Hedman), which supplied products containing chrysotile asbestos to decedent's employer, served a subpoena on OCC requiring it to produce a representative to testify at trial about various topics related to the alleged asbestos exposure. OCC moved to quash the subpoena, and Supreme Court granted that motion. After a trial, the jury returned a verdict against Hedman and another party. Hedman appeals from the judgment awarding damages against it.
Whether to quash a subpoena against a nonparty "rests within the sound discretion of the court to which application is made" (Brady v Ottaway Newspapers, 63 NY2d 1031, 1032 [1984]; see also Reus v ETC Hous. Corp., 203 AD3d 1281, 1283 [3d Dept 2022], lv dismissed 39 NY3d 1059 [2023]). Nevertheless, we may substitute our discretion for that of the trial court in discovery matters even in the absence of an abuse of discretion (see Small v Lorillard Tobacco Co., 94 NY2d 43, 52-53 [1999]).
"An application to quash a subpoena should be granted [o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious . . . or where the information sought is utterly irrelevant to any proper inquiry" (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014] [internal quotation marks omitted]). The burden is on the party seeking to quash the subpoena to make such a showing (see Kimmel v State of New York, 76 AD3d 188, 197-198 [4th Dept 2010], affd 29 NY3d 386 [2017]; Kapon, 23 NY3d at 39; Barber v BorgWarner, Inc., 174 AD3d 1377, 1378 [4th Dept 2019], lv denied 34 NY3d 986 [2019]).
We reject Hedman's contention that the court erred in granting OCC's motion to quash. Here, Hedman served a subpoena seeking testimony from a witness with knowledge of events that took place about 50 years earlier. Moreover, OCC is not a party and Hedman lacked the ability to apportion any liability to OCC (see CPLR 1601 [1]; Workers' Compensation Law § 11; [*2]see generally Castro v United Container Mach. Group, 96 NY2d 398, 401 [2001]; Pilato v Nigel Enters., Inc., 48 AD3d 1133, 1135 [4th Dept 2008]). The court properly determined that, to the limited extent that any of the topics addressed in the subpoena were relevant to decedent's culpable conduct, OCC's only obligation under the subpoena was to produce a witness under its control with knowledge of the relevant material, and no such witness existed (see generally Matter of Standard Fruit & S. S. Co. v Waterfront Commn. of N.Y. Harbor, 43 NY2d 11, 15-16 [1977]).
Next, we reject Hedman's contention that the court erred in denying its request for a jury instruction that decedent's employer could be considered an intervening cause of decedent's injuries because of its failure to warn its employees of, and protect them from, the hazards of asbestos-containing materials. Hedman advertised its product as being "non-asbestos" and safer than "straight asbestos," and argued at trial that its warnings were adequate. Under those circumstances, we conclude as a matter of law that the alleged failure of decedent's employer was not an act that "is of such an extraordinary nature or so attenuates [Hedman's] negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to [Hedman]" (Williams v Tennien, 294 AD2d 841, 842 [4th Dept 2002]; see Kush v City of Buffalo, 59 NY2d 26, 33 [1983]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316 [1980], rearg denied 52 NY2d 784 [1980]).
We have reviewed Hedman's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court